UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY K. JONES, SR., | Civil File No. 05-1108 (MJD/JGL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

Plaintiff, a prisoner at the Minnesota Correctional Facility at Faribault, Minnesota, has filed a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) The matter is presently before this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

**I. BACKGROUND**

Plaintiff is attempting to sue a party identified as "Department of Corrections," (which presumably is the Minnesota Department of Corrections), based on three incidents that

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he may be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

allegedly have occurred during his confinement. First, he alleges that in November 2003, he was wrongly transferred to another prison, where he allegedly was assaulted by three different inmates on three separate occasions. Next, he alleges that he was given an erroneous prisoner classification, which resulted in "mental anguish" and "physical injury," (the nature of which is not disclosed in the complaint). Plaintiff's final claim also involves an alleged misclassification, but it is not readily apparent how that claim is different from the second claim.

Plaintiff submitted his claims on a form complaint entitled "Complaint For Rights Violation Of Civil Under 42 U.S.C. 1983," which suggests that he is seeking relief for some alleged violation of his federal constitutional rights. (The pleading itself, however, does not mention the Constitution or any constitutional rights.) Plaintiff is seeking compensatory damages for his alleged physical and mental injuries.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental entity, (i.e., the Minnesota Department of Corrections), his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner-plaintiff has failed to plead a claim on which relief can be granted, or seeks relief from a party who is legally immune from liability,

his action must be summarily dismissed.  28 U.S.C. § 1915A(b)(1) and (2).  For the reasons discussed below, the Court finds that no part of Plaintiff's present complaint can survive the § 1915A initial screening process, and that this action must therefore be dismissed in its entirety.

The only named Defendant in this action, "Department of Corrections," cannot be sued in federal court under 42 U.S.C. § 1983 for two reasons.  First, neither a state nor its agencies are considered to be "persons" for purposes of 42 U.S.C. § 1983, and a state agency therefore cannot be sued for damages under § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Secondly, states and their agencies are immune from suit in federal court under the Eleventh Amendment, unless the state has consented to be sued, Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam), or Congress has abrogated the state's immunity by some express statutory provision.  Will, 491 U.S. at 66-67; Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).  It is well-settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983, Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979), and the State of Minnesota has not waived its immunity and consented to be sued in this case.  Because Plaintiff cannot sue the Minnesota Department of Corrections in federal court for alleged violations of his federal constitutional rights, his complaint fails to state an actionable claim for relief.

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed pursuant to § 1915A.  The Court will also recommend that Plaintiff's IFP application, (see n. 1, supra), be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding

the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $250 filing fee.[2]  He has not yet paid any part of the filing fee for this action, so he still owes the full $250 fee prescribed by 28 U.S.C. § 1914(a).  Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in accordance with 28 U.S.C. § 1915(b)(2).  Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $250.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full $250 filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: June 15, 2005

                                          s/Jonathan Lebedoff

                                        JONATHAN LEBEDOFF
                                        Chief Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 6, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.